# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NATHANIEL MARTIN JR.**
**United States Army, Appellant**

ARMY 20180495

Headquarters, 7th Infantry Division
Lanny J. Acosta, Jr. and Jennifer B. Green, Military Judges
Colonel Russell N. Parson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Steven J. Dray, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Major Anne Savin, JA (on brief).

29 April 2020

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Appellant stole over $36,000 from the Army, in the form of housing and family separation allowances.* To get this money, appellant repeatedly told the Army that he was married, when, in reality, he was divorced.

---

*A panel with enlisted representation sitting as a special court-martial convicted appellant, contrary to his pleas, of three specifications of larceny of military property of a value greater than $500, and six specifications of false official statement, in violation of Articles 121 and 107, 10 U.S.C. §§ 921, 907, Uniform Code of Military Justice [UCMJ] (2016). The convening authority approved the adjudged sentence of reduction to the grade of E-1, confinement for 45 days, and a bad-conduct discharge.

We review appellant's case under Article 66, UCMJ. Appellant contends the government's evidence was factually insufficient to support his larceny convictions, and his six separate convictions of false official statement represent an unreasonable multiplication of charges (UMC). We affirm but write briefly to explain that appellant's UMC claim misapprehends the purpose and intent of Article 107.

Appellant's UMC claim never gets off the ground. Appellant contends that because the "criminality behind" his Article 107 convictions was not the statements themselves, but rather the fact that appellant made the statements "in order to steal money from the government," his separate Article 107 convictions represented an unreasonable multiplication of charges.

This argument demonstrates a basic misunderstanding of Article 107. The "criminality behind" appellant's false official statements *was the falsehood of those statements*. An Article 107 conviction does not depend on the false statement having been made to effectuate an underlying crime; each false official statement is a free-standing crime in-and-of itself, notwithstanding the speaker's underlying motivation. *See, e.g., United States v. Solis*, 46 M.J. 31, 33-34 (C.A.A.F. 1997); *see also United States v. Spicer*, 71 M.J. 470, 474 (C.A.A.F. 2013) (our superior court explaining the purpose of Article 107 is to "protect the authorized functions of the military from the perversion which might result from the deceptive practices" embodied by false statements).

The harm of false official statements is magnified in the military, where candor and accuracy in reporting is critical. As our superior court observed,

> Military missions, whether in combat, in peacetime operations, or in training, are characterized by stress, tension, danger, and the need for rapid decisions based upon accurate information. The habits and traits of character developed in peace can make the difference between success or failure in war. Members of the armed forces are expected to give truthful answers to official inquiries, whether in garrison or in the field, in peace or in war. When they fail to meet that standard, Article 107 is available to ensure compliance.

*Solis*, 46 M.J. at 34.

Thus, appellant's separate convictions for false statements made in order to steal money from the Army do not represent an unreasonable multiplication of charges.

This is not to say that false official statement specifications can never be unreasonably multiplied. For example, this court has found that two false statements made on the same date and during the same conversation should not be charged separately. *See United States v. Edgecomb*, ARMY 20120891, 2014 CCA LEXIS 745, at *2-3 (Army Ct. Crim. App. 30 Sep. 2014) (mem. op.) (citing *United States v. Quiroz*, 55 M.J. 334, 337-39 (C.A.A.F. 2001)). Here, all but two of appellant's six false official statements were made on different dates, and most were separated by months or the Pacific Ocean (Joint Base Lewis-McChord, Washington and Camp Humphreys, Korea), or both. The two statements appellant made at Camp Humphreys on the same date—16 February 2016— were made on different Army forms to effectuate his theft of housing allowance and family separation allowance, respectively.

The UCMJ's overall purpose is to maintain good order and discipline in our nation's military, so that the military can fight and win wars. Punishing false official statements, which by definition are statements made in relation to the speaker's military duties and with the intent to deceive, is a critical sub-component to this overall purpose. As the CAAF observed in *Solis*, soldiers act in war based on habits enforced in peace.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court